JOURNAL ENTRY AND OPINION
This is an appeal from a judgment of conviction following a jury trial before Judge William J. Coyne. Larry Attaway, found guilty of preparation of drugs for sale, R.C. 2925.07, claims that the State failed to prove his intent to sell, that the jury was not properly instructed on the need to prove intent, that he was prejudiced by prosecutorial misconduct, and that his lawyer rendered ineffective assistance. We do not agree and affirm.
On July 23, 1999, Cleveland Police Officers Timothy Higgins and Kevin Schwarz were patrolling in the area of East 126th Street and Griffing Avenue. They were on patrol specifically for drug activity, because the area is considered a high crime and drug activity neighborhood. The officers saw Attaway, in the passenger seat of a carparked at the intersection of East 126th and Griffing, apparently flagging somebody down. and decided to investigate. They drove up behind the car, parked and approached to question Attaway and the driver, Maurice Jackson.
While questioning Attaway and Jackson, Higgins observed some small plastic bags, containing suspected drugs, on the floor of the car under Attaway and saw Attaway use his foot in an attempt to push the bags under the car seat and out of view. After searching both Attaway and Jackson for weapons, Higgins found eighteen small bags of marijuana, totaling 37.55 grams, in the car[1] and $26 on Attaway's person.
On November 23, 1999, Attaway was indicted on one count of preparation of drugs for sale in violation of R.C. 2925.07 and a second count of possession of criminal tools, R.C. 2923.24 based on Attaway's possession of $26 in cash. A jury trial began on January 19, 2000.
At trial, Jackson testified that the marijuana belonged to Attaway, and that Attaway had admitted ownership. Attaway did not present any evidence in his own defense, rather his lawyer focused on a lack of evidence concerning his intent to sell the drugs: there was no evidence of any sale of drugs, and that the amount of marijuana was small enough to be intended for only personal use. At the close of the evidence, the judge directed a judgment of acquittal, pursuant to Crim.R. 29, on the criminal tools charge, and instructed the jury on the preparation of drugs charge only. The jury returned a guilty verdict and on January 26, 2000, Attaway was sentenced to ten months in prison and a discretionary period of post-release control.
Attaway's first assignment of error states:
 I. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT INSTRUCTED THE JURY TO THE EFFECT THAT THE DEFENDANT COULD BE CONVICTED OF PREPARATION OF DRUGS FOR SALE IF HE POSSESSED MARIJUANA WITHOUT INTENDING TO SELL IT FOR VALUABLE CONSIDERATION.
Attaway's lawyer did not object to the indictment language or to the jury instructions on the preparation of drugs charge and, therefore, we will reverse on this assignment only if there is plain error. State v. Underwood (1983), 3 Ohio St.3d 12, 3 OBR 360, 444 N.E.2d 1332, syllabus. An erroneous jury instruction does not constitute plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. Id. (citing State v. Long (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph two of the syllabus).
The indictment charged Attaway with the offense of preparation of drugs for sale under R.C. 2925.07, but described the offense using language from former R.C. 2925.03(A)(2). Specifically, the indictment charged that he:
 did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution or distribute a controlled substance, to wit: Marijuana, a Schedule I drug, in an amount less than two hundred grams, knowing or having reasonable cause to believe such drug was intended for sale or resale by the offender or another[.] (Emphasis added.)
R.C. 2925.07(A) states:
 No person shall knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance when the person intends to sell or resell the controlled substance or when the person has reasonable cause to believe that another person intends to sell or resell the controlled substance. (Emphasis added.)
The judge instructed the jury that Attaway could be convicted of preparation of drugs for sale if he committed the proscribed act while knowing or having reasonable cause to believe such drug was intended for resale by the defendant or another. He defined the terms knowingly and sale for the jury, but did not define intent. Attaway argues that describing the offense using the former instead of current statutory language was improper, and the jury was allowed to convict without a clear understanding of the mental state required. Although we agree that the jury instructions were erroneous, we cannot find the error outcome determinative. Attaway could have been convicted even if the jury was properly instructed, because (as discussed infra) the evidence was sufficient to prove his intent to sell. Moreover, the elements of the offense in former R.C. 2925.03(A)(2) are no different than those in R.C.2925.07(A) — the current statute states the elements more clearly, but where a third-party seller is not implicated, both versions require proof that the defendant intended to sell the prepared drugs.
Attaway also contends that the judge improperly defined the term sale to include a gift, allowing his conviction even if the jury found he intended to give the marijuana away instead of sell it. This instruction was correct. While he admits that R.C. 2925.01(A), by reference to the definition found in R.C. 3719.01, defines sale to include gifts, he asserts that the definition of sell. in R.C.2925.07 requires an exchange for value. We disagree. Although the common definitions of sale and sell imply an exchange for value, the statutory definition plainly intends a broader meaning. The first assignment of error is overruled.
The second assignment of error states:
 II. THE TRIAL COURT DENIED MR. ATTAWAY DUE PROCESS OF LAW BY FAILING TO DISMISS COUNT ONE BECAUSE OF THE INSUFFICIENCY OF THE STATE'S EVIDENCE.
A sufficiency claim raises a narrow question of law that we review de novo. State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546. We review the record to determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Emphasis sic.) State v. Stallings (2000),89 Ohio St.3d 280, 289, 731 N.E.2d 159, 171 (quoting Jackson v. Virginia (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573). As the question of sufficiency of the evidence presents a question of law, it does not allow the reviewing court to weigh the evidence. State v. Martin (1983), 20 Ohio App. 172, 175, 20 OBR 415, 485 N.E.2d 717, 720.
Attaway argues he could have bought the prepackaged drugs for his personal use, or intended to give them away. Because we have already decided that the judge's definition of sale was appropriate, Attaway's gift argument is unavailing and his only remaining contention is that the evidence was insufficient to prove any intent. He suggests that he could have ended up with eighteen small bags instead of one large bag after he bought that amount from a dealer who happened to have already prepackaged it. Although we agree that Attaway's explanation is plausible, his possession of eighteen small bags of marijuana is circumstantial evidence of both preparation and intent, and that evidence is sufficient to support the conviction. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph one of the syllabus. A jury is entitled to convict even if the evidence is also consistent with a competing theory of innocence. Id. Attaway cannot complain, in a sufficiency review, that the jury made the wrong choice between two viable options. The second assignment of error is overruled.
Attaway's third assignment of error states:
 III. THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In contrast to the sufficiency review, a manifest weight challenge allows the appellate court to review the evidence more broadly, and sit as a thirteenth juror. Thompkins, 78 Ohio St.3d at 387,687 N.E.2d at 546-47. The purpose of the manifest weight review is to determine whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction. Stallings,89 Ohio St.3d at 289, 731 N.E.2d at 171 (quoting State v. Getsy (1998), 84 Ohio St.3d 180,193, 702 N.E.2d 866, 882). Although the scope of review broadens, the standard of review is more deferential. Under the manifest weight test:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Id. (quoting Martin, 20 Ohio App.3d at 175, 485 N.E.2d at 720-21).
Attaway again asserts that, under this test, the jury erred in concluding that he intended to sell the drugs. We find, however, that his possession of eighteen separate bags of marijuana was not only sufficient evidence, but was substantial competent evidence of his intent to sell the drugs. We cannot find the jury lost its way. We overrule the third assignment of error.
The fourth assignment of error states:
 IV. THE TRIAL COURT ERRED IN PERMITTING THE PROSECUTOR TO ATTACK DEFENSE COUNSEL'S ARGUMENTS AS INSINCERE AND CONTRARY TO THE DEFENSE'S TRUE BELIEFS.
During closing statements Attaway's lawyer argued that the State presented insufficient evidence of Attaway's intent to sell the prepackaged marijuana. In rebuttal, the prosecutor stated:
 The defense, ladies and gentlemen, is going to always throw one up against the wall to see what you're going to bite at. They're hoping something sticks, and they're always, always, always going to tell you that we don't have enough, and they're going to tell you that here.
The judge overruled Attaway's objection, and the prosecutor continued, stating. But they know this is packaging. Attaway claims that the statement was improper and prejudicial because it led the jury to believe that defense lawyers generally make insincere claims (or worse, that this particular lawyer made a habit of doing so), and that his lawyer did not actually believe the substance of the defense, i.e., that he had bought the marijuana for personal use, albeit from a dealer who had already prepackaged it.
To obtain reversal for prosecutorial misconduct, a defendant first must show that the prosecutor's comments were in fact improper, and then must show that the comments so greatly affected the proceedings as to deprive the defendant of a fair trial. State v. Phillips (1995), 74 Ohio St.3d 72,90, 656 N.E.2d 643, 661-62. Although we find the prosecutor's comments were an improper attack on Attaway's lawyer and the sincerity of the defense theory, State v. Keenan (1993), 66 Ohio St.3d 402, 405-06,613 N.E.2d 203, 206-07, we cannot find that this comment, standing alone, deprived Attaway of a fair trial.
We note, as have other reviewing courts, that the prejudice requirement in this area risks the unintended result of condoning improper comments. State v. Fears (1999), 86 Ohio St.3d 329, 332-36, 715 N.E.2d 136,143-46. Where reversal is not mandated, however, we can still recognize improper comments and rely on the bar's tenets of professionalism and ethics to take notice and curb such behavior. A prosecutor should not be condemned for an isolated comment, made in the heat of trial, that does not result in prejudice. It is only where lawyers engage in such behavior deliberately and habitually that concerns should arise, regardless of whether individual cases merit reversal. The fourth assignment of error is overruled.
The fifth assignment of error states:
 V. MR. ATTAWAY WAS DENIED HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN HIS ATTORNEY FAILED TO OBJECT TO THE TRIAL COURT'S INCORRECT JURY INSTRUCTIONS AND TO EVIDENCE OF NEIGHBORHOOD CRIMINAL ACTIVITY.
A defendant who claims constitutionally ineffective assistance of counsel must show not only that his lawyer's representation fell below reasonable professional standards, but that he was prejudiced as a result. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693; State v. Johnson (2000), 88 Ohio St.3d 95,108, 723 N.E.2d 1054, 1067. As with prosecutorial misconduct, the defendant must show that he was deprived of a fair trial, meaning that, but for his lawyer's errors, there is a reasonable probability the outcome of the trial would have been different. Strickland,466 U.S. at 687-94, 104 S.Ct. at 2064-68, 80 L.Ed.2d at 693-98; State v. Robb (2000), 88 Ohio St.3d 59, 73, 723 N.E.2d 1019, 1038 (citing Strickland); Johnson, supra (citing Strickland). If we can determine that no prejudice occurred, we need not answer the question of whether the lawyer's conduct violated professional standards. Strickland, 466 U.S. at 697,104 S.Ct. at 2069, 80 L.Ed.2d at 699.
Attaway claims his lawyer was ineffective when he failed to object to the erroneous jury instructions using language from former R.C. 2925.03
instead of R.C. 2925.07, and when he failed to object to the introduction of evidence concerning neighborhood drug activity.[2] As already noted, the jury instruction was erroneous, though not plainly so, and we do not find a reasonable probability that the jury would have found otherwise if correctly instructed. The jury's questions during deliberations do not show any debate concerning intent — it requested definitions of transport and preparation for distribution. As already noted, the current statute describes the same offense as the former, but does so more clearly. There is no evidence the jury misunderstood its need to find that Attaway intended to sell the marijuana. Because Attaway was not prejudiced, we find no ineffective assistance of counsel with respect to the jury instructions.
Attaway next argues that evidence of neighborhood crime should not have been introduced, claiming it was hearsay and inadmissible specific acts character evidence. Evid.R. 802; Evid.R. 404(B). The prosecutor offered this evidence to show that because Attaway was discovered in an area of high drug activity, the jury could infer more strongly that he intended to sell the packaged marijuana.
Attaway argues that the evidence, presented through the testimony of officer Higgins, who testified that he and his partner were patrolling the area because of its reputation for drug activity, was inadmissible hearsay. Although Attaway's lawyer might have pressed the issue by questioning the source of the officers' knowledge of drug activity in the area, such a strategy might have backfired by placing even more emphasis on that evidence. The officers might have known of drug activity from personal knowledge, or the judge could have found such reputational evidence admissible in any event. Evid.R. 803(19).
Finally, Attaway argues that the testimony was specific acts evidence prohibited by Evid.R. 404(B), but fails to show how that rule would prohibit the evidence here. Evid.R. 404 bars evidence of a defendant's character and evidence of the defendant's other acts to show that character. The evidence here referred to the character of the neighborhood and the general acts of people in it, not the character or other acts of Attaway. His presence in the neighborhood was presented as an act constituting part of the charged offense, not some other act offered to show his character. Although one might question the propriety of using neighborhood evidence to infer criminal intent upon someone found in that neighborhood, the question is probably more conducive to review under Evid.R. 403. As with the hearsay argument, Attaway's lawyer had an uncertain, if not unlikely, chance at successfully excluding the evidence, and risked emphasizing the evidence by objecting. We do not find that his lawyer acted unprofessionally in failing to object.
We overrule the fifth assignment of error. The judgment is affirmed.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
______________________ ANNE L. KILBANE, J.
[1] More accurately, it appears that one bag was found on Attaway's person and seventeen bags were found in the car.
[2] Attaway also objects to the instruction concerning sale, discussed supra. Because that instruction was proper, the failure to object was not ineffective assistance of counsel.